IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-609-GCM-DCK

| | |
|---|---|
| LOIS E. TIMMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| CAROLYN W. COLVIN,[1] | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 11) and the "Commissioner's Motion For Summary Judgment" (Document No. 15). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be <u>denied</u>; that "Commissioner's Motion For Summary Judgment" be <u>denied</u>; and that the Commissioner's decision be <u>vacated</u>.

## I. BACKGROUND

Plaintiff Lois E. Timmons ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On January 23, 2009, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq.*, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et*

---

[1] Carolyn W. Colvin is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

*seq.*, alleging an inability to work due to a disabling condition beginning August 1, 2007. (Transcript of the Record of Proceedings ("Tr.") 18). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on July 22, 2009, and again after reconsideration on January 18, 2010. (Tr. 18). In its "Notice of Reconsideration" the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. Though you would be unable to meet the functional demands of your past job as a airport food court worker as you have described it, other information shows that you retain the functional capacity to meet the functional demands of this job as it is generally performed. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 60).

Plaintiff filed a timely written request for a hearing on February 10, 2010. (Tr. 18). On November 2, 2010, Plaintiff appeared and testified at a hearing before Administrative Law Judge Saul W. Nathanson ("ALJ"). (Tr. 18-23, 30). In addition, Lynne Sizemore, Plaintiff's non-attorney representative, appeared at the hearing. (Tr. 18, 30).

The ALJ issued an unfavorable decision on December 9, 2010, denying Plaintiff's claim. (Tr. 15-23). Plaintiff filed a request for review of the ALJ's decision on January 25, 2011, which was denied by the Appeals Council on July 17, 2012. (Tr. 1-3). The December 9, 2010 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on September 14, 2012. (Document No. 1). On September 14, 2012, the undersigned was assigned to this case as the referral magistrate judge. Plaintiff's "Motion For Summary Judgment" (Document No. 11) and "Plaintiff's Memorandum In Support Of Motion For

Summary Judgment" (Document No. 12), were filed January 24, 2013; and the "Commissioner's Motion For Summary Judgment" (Document No. 15) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 15-1), were filed April 16, 2013. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976)

("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.  DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between August 1, 2007, and the date of his decision.[2] (Tr. 18). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from August 1, 2007, through the date of his decision, December 9, 2010. (Tr. 18, 23).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1)  whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2)  whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3)  whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fourth step that Plaintiff was not disabled. (Tr. 18-23).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since August 1, 2007, her alleged disability onset date. (Tr. 20). At the second step, the ALJ found that diabetes mellitus and reduced vision were severe impairments. (Tr. 20).[3] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 20).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform the full range of light work activity, without any limitations. (Tr. 21). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p." Id. The ALJ further opined that "he considered opinion evidence in accordance with the requirements of 20 CFR. 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." Id.

At the fourth step, the ALJ found that Plaintiff could perform her past relevant work as a short order cook. (Tr. 22). Specifically, the ALJ found that this work does not require the

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

Plaintiff to perform work-related activities precluded by her residual functional capacity, based both on how she previously performed as a short order cook, and on how that job is generally performed in the national economy. (Tr. 22). Based on this finding, the ALJ indicated he did not need to continue to step five of the sequential analysis, and therefore, he concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 1, 2007, and the date of his decision, December 9, 2010. (Tr. 23).

Plaintiff on appeal to this Court makes the following assignments of error: (1) that the ALJ provided no specific findings or analysis regarding the physical and mental demands of work as a short order cook, as required by SSR 82-62; (2) that the ALJ failed to consider applying the grids early, as Plaintiff was within three days of her 55th birthday when the ALJ issued his decision; and (3) that the ALJ's finding that Plaintiff can perform light work despite her needed use of a cane violates SSR 96-9p. (Document No. 12, p.1). The undersigned will discuss each of these contentions in turn.

### A. Ability to Perform Past Relevant Work

In her first assignment of error, Plaintiff argues that the ALJ failed to provide any specific findings or analysis regarding the physical and mental demands of Plaintiff's past work, as required by SSR 82-62. (Document No. 12, pp.7-8). According to Plaintiff, such analysis would fall within step four of the sequential evaluation process and include: a finding of fact as to the individual's RFC; a finding of fact as to the physical and mental demands of the past job; and a finding of fact that the individual's RFC would permit a return to her past job. (Document No. 12, pp.7-8). Plaintiff contends that because the ALJ failed to discuss the demands of Plaintiff's prior relevant work, he could not properly determine whether she could return to her past job as a short order cook. (Document No. 12, p.9). Plaintiff also argues that her past work as a short

order cook is actually a composite job, entailing duties of different exertional levels. (Document No. 12, pp.10-11). According to Plaintiff, some of the short order cook duties are of the medium exertion level, thus exceeding the ALJ's finding of a light work limitation. (Document No. 12, p.11).

Defendant first argues in response that Plaintiff bears the burden of showing that she cannot perform her past work as a short order cook. (Document No. 15-1, p.5). According to Defendant, Plaintiff not only failed to meet this burden, but she presented evidence, such as the lifting and other tasks she performed at her previous job, that actually supports the ALJ's finding. (Document No. 15-1, p.5); see also (Tr. 145).

Defendant also rejects Plaintiff's argument that a short order cook is a composite job that Plaintiff cannot perform at the light exertional level. (Document No. 15-1, p.6). Defendant contends that Plaintiff's testimony regarding her work as a short order cook is very similar to the Dictionary of Occupational Titles ("DOT") definition of a short order cook, which is classified as a light occupation. (Document No. 15-1, p.6); see also (Tr. 145). Based on these similarities, Defendant contends that the ALJ correctly concluded that Plaintiff could perform her past work as a short order cook as she performed it, and as that work is generally done in the national economy. (Document No. 15-1, p.6; Tr. 22). Defendant thus maintains that the ALJ's analysis was sufficiently supported. (Document No. 15-1, p.6).

While the case presents a close call, the undersigned is not persuaded that the ALJ's opinion sufficiently supports a finding that Plaintiff can return to work as a short order cook. (Tr. 22). As Plaintiff noted, SSR 82-62 requires a finding of fact as to the individual's RFC, a finding of fact as to the physical and mental demands of the past job, and a finding of fact that

7

the individual's RFC would permit a return to her past job. (Document No. 12, p.8) (citing SSR 82-62).

An ALJ's failure to provide an explanation for a decision or finding leaves the reviewing court without any meaningful opportunity for judicial review. <u>Breeden v. Astrue</u>, 2013 WL 865977 at *2 (W.D.Va. March 7, 2013). As Plaintiff correctly notes, the ALJ did not explicitly address in his analysis the physical and mental demands of Plaintiff's prior work as a short order cook. (Document No. 12, p.8) (Tr. 22). In his decision, the ALJ simply stated in conclusory fashion that:

> "[t]he claimant is capable of performing past relevant work as a short order cook (Ex 2E, p8). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as she performed it and as generally performed in the national economy."

(Tr. 22) (citing Tr. 145).

It is true that the cited exhibit (Ex. 2E, p.8) identifies Plaintiff's prior work as a short order cook, and includes Plaintiff's brief description of the demands of such employment as previously performed by Plaintiff at two places of employment. (Tr. 145). Plaintiff stated that she prepared food, cooked on the grill, fried food, and cleaned the work area and dishwasher during her time at Chic N' Grill. (Tr. 145). She also lifted "about 20 lbs at the most" during this employment. (Tr. 145). While working at Cinnabon, Plaintiff also prepared and served food, cleaned, and "lifted up to 50 lbs sometimes." (Tr. 145). At both locations, Plaintiff worked eight hours a day for five days a week. (Tr. 145).

8

A "claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work." SSR 82-62. The regulations further clarify that "consideration of [past relevant work] will contain enough information on past work to permit a decision as to the individual's ability to return to such past work." Id. For such information to be adequate, there must be "factual information about those work demands which have a bearing on the medically established limitations" and will include "detailed information about strength, endurance, manipulative ability, mental demands and other job requirements" as appropriate. Id. Although a claimant's description of the work can be sufficient evidence in certain situations, the undersigned is not convinced that the cited exhibit contains enough detailed information to be the ALJ's only source of supporting evidence.

There are a variety of other sources the ALJ could have relied on in making findings about the mental and physical demands of a particular job. An ALJ may rely on the testimony of a vocational expert in assessing the mental and physical demands of past employment. King v. Astrue, 2011 WL 6032707 at *6 (W.D.N.C. May 24, 2011); see 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). Or, SSR 82-61 specifically provides that an ALJ may rely on DOT descriptions to define how a job is usually performed in the national economy. Breeden, 2013 WL 865977 at *2. Despite the availability of these sources, the ALJ did not use them to support his findings. The ALJ declined to refer to the DOT definition of short order cook, to cite the definition of light work, or to elicit VE testimony. Overall, the ALJ fails to provide any analysis of how the job of short order cook is generally performed. Even decisions that reference the DOT or other sources have been found deficient at step four. See Breeden, 2013 WL 865977 (remanding case where ALJ referenced a DOT definition, but did not explain why that particular definition was used

over another); see also Maruri v. Astrue, 2010 WL 4977053 (W.D.N.C. Sept. 30, 2010) (remanding case where ALJ's purported reliance on VE testimony was insufficient evidence of findings). Relative to those cases, the ALJ in this case provided much less support. See id.

In this case, there was also very little actual testimony regarding the physical and mental demands of Plaintiff's previous work. See (Tr. 32-34). On this record, the undersigned cannot determine whether the ALJ's determination was supported by substantial evidence. In sum, "[a]lthough it may well be that Plaintiff will be unable to meet her burden of proving she is disabled from all work, 'the court is constrained to conclude that the ALJ did not sufficiently develop the factual record at step four of the analysis under the dictates of SSR 82-62 to allow meaningful judicial review.'" Maruri, 2010 WL 4977053 at *4 (quoting Rector v. Astrue, 2010 WL 1901777 at *8 (W.D.Va. May 11, 2010). Based on the foregoing, the undersigned will recommend that this matter be remanded for further consideration.

  B.  **Early Grid Application Due to Plaintiff's Age**

While the undersigned recommends a remand based on the prior issue, the Court, in its discretion, will also address the other issues presented. Plaintiff next challenges the ALJ's failure to consider applying the grids early, as she was within three days of her 55th birthday when the ALJ issued his decision. (Document No. 12, pp.11-12). As detailed above, Plaintiff argues that, at step four of the analysis, the ALJ should have found that Plaintiff could not perform her past work. Such a finding would require the ALJ to proceed to step five of the analysis, where age and grid application are relevant. (Document No. 12, p.11). Plaintiff states that early application of the grids can be appropriate in borderline cases. (Document No. 12, pp.11-12). Borderline cases are those where the claimant is within a few days or months of a higher age category and use of that higher age category would result in a finding of "disabled"

instead of "not disabled". (Document No. 12, p.13). Because Plaintiff was within a few days of a higher age category and Grid Rules 202.04 and 202.06 direct a finding of disabled for a 55-year-old with Plaintiff's RFC, she argues that she meets the standards of a borderline case. (Document No. 12, p.14). Plaintiff contends that the ALJ should have proceeded to step five of the analysis and considered applying the grids early. (Document No. 12, p.12).

Defendant argues that because Plaintiff's case was resolved at step four of the analysis, the ALJ was not required to consider Plaintiff's age in his decision, as age is not a relevant factor at step four. (Document No. 15-1, p.7).

Following the finding that Plaintiff could perform her past work, the analysis ends with a finding of "no disability" at step four and does not proceed to step five. 20 C.F.R. § 404.1520(a)(4)(i-v); see also (Tr. 20). As Defendant points out, age is not a relevant factor at step four of the analysis. (Document No. 15-1, p.7). See 20 C.F.R. § 404.1560(b)(3) ("If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled. We will not consider your vocational factors of age, education, and work experience . . . .").

Since the ALJ resolved Plaintiff's case at step four, the undersigned agrees that he was under no obligation to proceed to step five or to consider early grid application. However, if this matter is remanded as recommended, the ALJ should again determine whether application of the grids is necessary.

**C.   Ability To Do Light Work**

Finally, Plaintiff argues that the ALJ erred, in violation of SSR 96-9p, in finding that Plaintiff can perform light work despite her need to use a cane to walk. (Document No. 12, p.16). As noted above, light work involves lifting no more than twenty pounds at a time with

frequent lifting or carrying of up to ten pounds, and involves "a good deal of walking or standing" or sitting with pushing and pulling of arm or leg controls. 20 C.F.R. §§ 404.1567(b), 416.967(b). Plaintiff's argument is essentially that her use of a cane precludes her from being able to perform the walking, standing, and lifting required for light work jobs, as it affects her mobility and the use of her upper extremities. (Document No. 12, pp.16-17). Plaintiff correctly points out that the regulations recognize that a "requirement to use a hand-held assistance device may . . . impact on the individual's functional capacity." (Document No. 12, p.16) (quoting 20 C.F.R. Part 404, Subpt. P App. 1, § 1.00(J)(4)).

Defendant challenges this argument on the basis that an ALJ is only required to consider the impact of a hand-held assistive device when it is "medically required." (Document No. 15-1, pp.3-4). Defendant argues that Plaintiff failed to submit any medical documentation establishing the cane's necessity or showing Plaintiff is required to use such a device, and therefore, the ALJ was not required to consider its impact on her residual functional capacity. (Document No. 15-1, p.4).

Appendix One of the regulations states that "[t]he *requirement* to use a hand-held assistive device may also impact on the individual's functional capacity by virtue of the fact that one or both upper extremities are not available for such activities as lifting, carrying, pushing, and pulling." 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.00(J)(4) (emphasis added). An ALJ is required to consider the impact of "medically required" hand-devices. SSR 96-9; see Wimbush v. Astrue, No. 4:10-CV-00036, 2011 WL 1743153 at *2-3 (W.D.Va. May 6, 2011).

Although both parties cite SSR 96-9p as support for their respective arguments, SSR 96-9p is an explanation of the RFC for a less than full range of sedentary work. Plaintiff argues that this ruling applies to the light occupational base as well, since it involves even greater lifting

than sedentary work. (Document No. 12, pp.16-17). Additionally, a plaintiff always bears the burden of proving her RFC, and therefore the standards in SSR 96-9p can be useful in determining if a plaintiff met that burden. See 20 C.F.R. § 404.1512. In particular, the regulation states that "[t]o find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed . . . ." SSR 96-9p.

Defendant also cites a case in which the plaintiff felt the ALJ should have considered her cane use, instead of relying solely on the grids, in determining her RFC. (Document 15-1, p.4) (citing Eason v. Astrue, 2008 WL 4108084 (E.D.N.C. Aug. 29, 2008)). In Eason, the plaintiff provided a doctor's prescription for the cane, as well as a notation by another doctor stating that the plaintiff was to use a cane or walker while ambulating. Id. at *16. After noting that 96-9p provides for the consideration of devices that are proven to be "medically-required," the court found that the claimant's mobility was not impacted to a degree to show that use of a cane was required at all times and "no record describe[d] the circumstances for which the cane is needed." Id. According to that court, the evidence did not support a finding that the cane was medically necessary under SSR 96-9p, and the ALJ was therefore not required to give it greater consideration. Id. at *17. In this case, Plaintiff's evidence of the cane's medical necessity appears to be even less than that shown in Eason.

Similarly, in Atwood v. Astrue, No. 5:11-CV-002-RLV, 2011 WL 7938408 (W.D.N.C. Sept. 28, 2011), the plaintiff challenged the ALJ finding that the plaintiff was capable of sedentary work, partially on the grounds that his use of an assistive device precluded such capabilities. Id. at *4. Because it is a plaintiff's burden to prove his RFC, and Atwood failed to prove the assistive device was required, or affected his ability to perform the full range of

sedentary work, this Court found that the ALJ was correct in not factoring in use of the cane. Id. at *4.

Here, the undersigned observes that the ALJ specifically discussed Plaintiff's purported reliance on a cane. (Tr. 21). The ALJ noted that Plaintiff's prescription for a cane was dated July 9, 2010, and that she had "admitted that she was able to walk two miles just a month prior in October 2010." Id; see also, (Tr. 45). The ALJ further noted that neither Plaintiff nor her representative "provided evidence to support the need for a cane." (Tr. 22). Although Plaintiff submitted a prescription for a cane, the ALJ's decision that she can do light work is supported by substantial evidence. (Tr. 595). There is no documentation of the necessity of the cane, or under what circumstances Plaintiff should use it. In her brief, Plaintiff only cites the prescription as evidence that she uses a cane to walk. (Document No. 12, p.16). However, neither the prescription nor other evidence shows how Plaintiff actually uses the cane, or that it is medically required. "Even if a cane is prescribed, it does not necessarily follow that it is medically required." Wimbush, 2011 WL 1743153 at *2-3 (citing SSR 96-9p and Eason, 2008 WL 4108084 at *16).

Plaintiff fails to cite any law requiring an ALJ to consider the impact of a device that a Plaintiff is not medically required to use. Because there is no evidence showing that the cane is medically required or law requiring an ALJ to consider the impact of a non-required device, the ALJ did not err in finding the Plaintiff could perform light work.

Since the undersigned will respectfully recommend that this matter be remanded for further consideration on the first issue, Plaintiff is advised to present appropriate evidence, if available, regarding the necessity of her cane.

## IV.    CONCLUSION

The undersigned finds that there is not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence does not support the Commissioner's decision.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will recommend that the Commissioner's decision be vacated and that this matter be remanded for further consideration consistent with this recommendation.

## V.    RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 11) be **DENIED**; "Commissioner's Motion For Summary Judgment" (Document No. 15) be **DENIED**;  and the Commissioner's determination be **VACATED** and this matter **REMANDED** for further consideration.

## VI.    TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);

Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: July 24, 2013

David C. Keesler
United States Magistrate Judge