IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.:  3:12-CV-609-GCM-DCK

| | |
|---|---|
| LOIS E. TIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's "Motion For Fees Under The Equal Access To Justice Act 28 U.S.C. § 2412(d)(1)(A)" (Document No. 18) filed on December 3, 2013.   This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having carefully considered the motion, the record, and noting consent of Defendant's counsel, the undersigned will <u>grant</u> the motion.  The parties agree in this case that Plaintiff should be awarded an attorney's fee under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $4,000.00.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's "Motion For Fees Under The Equal Access To Justice Act 28 U.S.C. § 2412(d)(1)(A)" (Document No. 18) is **GRANTED**, to the extent that the Court will award attorney fees in the amount of $4,000.00, and that pursuant

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

to <u>Comm'r of Soc. Sec. v. Ratliff</u>, 560 U.S. ----, 130 S. Ct. 2521 (2010), the fee award will first be subject to offset of any debt Plaintiff may owe to the United States. The Commissioner will determine within 30 days of this Order whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that the Plaintiff does not owe a federal debt, the government will exercise its discretion and honor an assignment of EAJA fees, and pay the awarded fees directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

     **SO ORDERED**.

Signed: December 3, 2013

David C. Keesler
United States Magistrate Judge